TRACK 12, INC., Plaintiff,

v.

DISTRICT ENGINEER, UNITED STATES ARMY CORPS OF ENGINEERS, ST. PAUL, MINNESOTA, an agency of the United States of America, Defendant.

Civ. No. 4–84–888.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 2, 1985.

James Malecki, Gislason, Dosland, Hunter & Malecki, New Ulm, Minn., for plaintiff.

Carol B. Swanson, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Track 12, Inc., brought this action against the District Engineer, United States Army Corps of Engineers (the "Corps"). Plaintiff seeks review of defendant's order, made pursuant to the Clean Water Act, 33 U.S.C. § 1344, denying plaintiff permission to place fill material on a parcel of land it wishes to prepare for development. Plaintiff also seeks declaratory and injunctive relief. It alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant has counterclaimed for injunctive relief and civil penalties, asserting that plaintiff violated the Clean Water Act by placing dredged or fill material in navigable waters without the authorization of the Secretary of the Army. The matter is now before the court on defendant's motion for summary judgment.

*Background*

Track 12 owns an 18 acre tract of land near Montevideo, Minnesota. The historical character of the land has been the subject of considerable controversy. For the purposes of this motion for summary judgment, the court accepts as true the plaintiff's assertion that the land is not natural wetland. The court further accepts plaintiff's assertion that various acts of state and local authorities, including the construction of a highway and a storm sewage system, have changed the character of the tract into artificial wetland.

Plaintiff purchased the land in 1977 and began to place fill on it in preparation for commercial development. There is no dispute that the tract was wetland by that time. Plaintiff states, without contradiction, that state and local officials had previously assured Tract 12 that a permit would be unnecessary. In 1979, the Corps notified plaintiff that the filling was illegal and that development required a federal permit. Plaintiff ceased filling and applied for a retroactive permit. The application process was interrupted by a Minnesota Department of Natural Resources (MDNR) assertion of jurisdiction, pursuant to new state regulations, and its denial of a state permit. Plaintiff appealed this MDNR decision and won a determination that Minnesota lacked regulatory jurisdiction over the property because it was not a "natural wetland."

After its state court victory, plaintiff reapplied for a Corps permit in January 1984. In the time since the original federal application, federal regulations had been amended and the proposed fill could have been authorized pursuant to a "nationwide permit." Plaintiff asserts that defendant failed to inform it of this change and that it therefore filed the additional application needlessly. Defendant asserts that the St. Paul District of the Corps exercised its regulatory prerogative to request discretionary authority from the Division Engineer to process plaintiff's application on an individual basis. Plaintiff's individual permit application was denied on June 20,

1984. Defendant stressed the importance of the tract as a wildlife habitat, floodwater storage area, and source of water quality benefits. Defendant also relied on federal regulations discouraging filling of wetlands when alternative upland sites exist.

Plaintiff seeks review of the Corps determination on two grounds: first that the Corps lacks jurisdiction over the tract and second, that the Corps' actions on the nationwide and individual permits were arbitrary and capricious.

*Discussion*

In passing upon a motion for summary judgment, the court must view the facts in the light most favorable to the opposing party; the movant has the burden of establishing that no genuine issue of material fact exists and that the case may be decided as a matter of law. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983); *Ralph's Distributing Co. v. AMF, Inc.*, 667 F.2d 670 (8th Cir.1981). The opposing party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076 (8th Cir.1980). For the purposes of this motion, the parties agree that there is no genuine issue of material fact.

*A. Jurisdiction*

The Clean Water Act, section 301, 33 U.S.C. § 1311 makes it illegal to discharge fill into "navigable waters" unless such discharge is in compliance with specified provisions of the Act. Section 404 of the Act, 33 U.S.C. § 1344 authorizes the Secretary of the Army, to issue permits specifying disposal sites for the discharge of fill material into "navigable waters." The Secretary has delegated this authority to the Corps, 33 C.F.R. 325.8. The Clean Water Act, section 502(7), 33 U.S.C. § 1362(7) defines "navigable waters" as ". . . waters of the United States, including the territorial seas." "Waters of the United States" is defined by 33 C.F.R. § 323.2(a) to include seven categories, most pertinently wetland. *See* 33 C.F.R. § 323.2(a)(7). 33 C.F.R. § 323.2(c) defines wetlands as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and *that under normal circumstances do support,* a prevalence of vegetation typically adapted for life in saturated soil conditions." (Emphasis added.)

█ Plaintiff's argument that the Corps lacks jurisdiction is quite specific: the tract is not natural wetland and therefore cannot be said to support the required "prevalence of vegetation" "under normal circumstances." Plaintiff's argument has some logical appeal, but is contrary to legislative and judicial authority. In *United States v. Ciampitti*, 583 F.Supp. 483 (D.N.J.1984), the court considered the legislative and regulatory history of the Clean Water Act and related legislation and found that "the fact that part of the area may have become wetlands because of a man-made connection between the site and the tidal waterways is not dispositive of the Corps' jurisdiction.... [F]ederal jurisdiction is determined by whether the site is presently wetlands and not by how it came to be wetlands." *Id.* at 494 (emphasis omitted). *See also United States v. Holland*, 373 F.Supp. 665, 673 (M.D.Fla.1974) (finding "inescapable" the conclusion that Congress intended the Clean Water Act to extend to artificially-created canals); *United States v. Bradshaw*, 541 F.Supp. 880, 883 (D.Md. 1981) (historical condition of land irrelevant where area was wetland at time Corps asserted jurisdiction).

Plaintiff argues that *Ciampitti* is contrary to authority in this circuit and relies on *United States v. City of Fort Pierre, South Dakota*, 747 F.2d 464 (8th Cir.1984). As this court reads *Fort Pierre*, however, the facts are distinguishable from the instant case, and the reasoning supports the Corps' position. In *Fort Pierre*, the Eighth Circuit held that the Corps lacked jurisdiction over a privately-owned slough within Fort Pierre. The slough was originally a side-channel of the Missouri River, but had been transformed into dry land by various railroad and highway construction. In 1968, the Corps' routine river dredging again transformed the slough into a wet-

land of sorts. Unlike Track 12's land, however, the slough was "stagnant and polluted," and "devoid of wildlife, support[ing] no fish or fowl, and ... not conductive to recreation or other significant use by the public." *Id.* at 467. More significantly, the court emphasized the policy reasons for its decision: if the court permitted the Corps to exercise jurisdiction over wetland the Corps itself had created, it "would allow the Corps to enlarge its jurisdiction beyond the scope originally intended by Congress." *Id.* Further, the court explicitly limited its holding:

> our holding does not challenge the Corps' jurisdiction with regard to any other artificially created wetland-type environment. Rather, our holding is limited to the situation in which the Corps, as an unintended byproduct of ordinary river maintenance, inadvertently creates a wetland-type ecological system on private property where no such system previously existed.

*Id. Fort Pierre* can therefore be read to support the Corps' jurisdiction over artificially created wetlands unless the Corps itself was the creator.

### B. The Permit Denials

█ Plaintiff acknowledges that the standard of review for defendant's discretionary authority is whether the decision was arbitrary or capricious. The Corps has submitted volumes of paper to demonstrate the extensive nature of its deliberations and its strict adherence to regulatory procedures. Plaintiff's argument does not demonstrate that defendant acted arbitrarily or capriciously, but at most that an alternative result would have been reasonable.

For these reasons the court is persuaded that the defendant is entitled to summary judgment as a matter of law.

### ORDER

Accordingly, based on the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of the District Engineer, United States Army Corps of Engineers for summary judgment in its favor is granted, and the complaint of Tract 12, Inc. is dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.